**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **DAVID DULL**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CENTURION INDUSTRIES, INC., d/b/a A-LERT BUILDING SYSTEMS, d/b/a A-LERT CONSTRUCTION SERVICES, d/b/a A-LERT ROOF SYSTEMS, d/b/a TFC CANOPY,**<br><br>Defendant. | ) | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff David Dull ("Named Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Complaint against Defendant Centurion Industries, Inc., d/b/a A-Lert Building Systems, d/b/a A-Lert Construction Services, d/b/a A-Lert Roof Systems, d/b/a TFC Canopy ("Defendant" or "Defendant Centurion"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL on behalf of himself and on behalf of other similarly situated employees employed by Defendant in Illinois.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

7. Named Plaintiff David Dull is an adult individual residing in Lovington, Illinois. Named Plaintiff's written Consent to Join this Action is attached as **Exhibit A**.

8. Named Plaintiff was employed by Defendant from approximately September 18, 2025, until approximately February 12, 2026, as an hourly, non-exempt production employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Millwright/Ironworker in Illinois.

9. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS §105/3.

10. At all relevant times, Named Plaintiff and those similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

11. Defendant Centurion Industries, Inc., d/b/a A-Lert Building Systems, d/b/a A-Lert Construction Services, d/b/a A-Lert Roof Systems, d/b/a TFC Canopy, is a for-profit Indiana corporation with its headquarters at 1107 N. Taylor Road, Garrett, IN 46738. Defendant can be served through its registered statutory agent: Loren R. Troyer, 1107 N. Taylor Road, Garrett, IN 46738.

12. Defendant is a multi-divisional corporation that provides metal fabrication and industrial construction services throughout the United States.[1]

13. Defendant operates four construction related divisions under the following four assumed business names: A-Lert Building Systems, A-Lert Construction Services, A-Lert Roof Systems, and TFC Canopy.[2]

14. Indeed, as indicated on the Indiana Secretary of State's website, each of the four construction related divisions are assumed names of Defendant Centurion Industries Inc., and each have the same registered agent, Loren R. Troyer, and principal office address, 1107 N Taylor Road, Garrett, IN 46738.

15. Loren R. Troyer is also listed on the Indiana Secretary of State's website as the registered agent and secretary of Defendant Centurion Industries, Inc.

[1] https://www.centurionind.com (last visited April 9, 2026).
[2] *Id.*

16. At all relevant times, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that it has employees engaged in commerce or in the production of goods for commerce.

18. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### A. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked during unpaid meal breaks.

19. At all relevant times, Named Plaintiff and others similarly situated worked for Defendant as non-exempt hourly construction employees.

20. At all relevant times, Defendant had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from employees' time worked, including from Named Plaintiff and others similarly situated.

21. Named Plaintiff and others similarly situated often worked through their entire meal break, or were often interrupted during their meal break or otherwise unable to take their full 30-minute meal breaks due to work duties.

22. Defendant knew that meal breaks were missed or interrupted, but continued to deduct, or cause to be deducted, 30 minutes from Named Plaintiff's and other similarly situated employees' time worked, and this time was not counted towards their weekly total hours.

23. Defendant failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, including time worked during missed and/or interrupted unpaid meal breaks.

24. Named Plaintiff and others similarly situated routinely worked 40 or more hours in one or more workweek(s) for Defendant. Therefore, Defendant failed to pay Named Plaintiff and similarly situated employees for all wages they actually earned, including overtime pay.

25. As a result of Defendant's companywide policy and/or practice described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and similarly situated employees for all wages that they actually earned, including overtime pay.

26. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and Illinois law, and was fully aware that it was deducting compensable time from employees' recorded hours worked.

**B. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

27. At all relevant times, Named Plaintiff and others similarly situated were required to arrive and clock in approximately 8-15 minutes before their scheduled shifts in order to gather necessary tools, complete paperwork and reports, and to make sure their work area is clean.

28. Named Plaintiff and other similarly situated workers were not paid any amount for this pre-shift work and such time was not counted as hours worked for purposes of computing overtime.

29. Named Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

30. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and other similarly situated employees. In fact, it was captured by Defendant's electronic time clock. Defendant, however, rounded Named Plaintiff and other similarly situated employees clock in time to their shift start time, and paid Named Plaintiff and other similarly situated employees only from their scheduled shift time to their scheduled shift end time.

31. Defendant knew Named Plaintiff and other similarly situated employees were working before their scheduled shifts without compensation.

32. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

33. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees. For example, without the necessary tools, Named Plaintiff and other similarly situated employees could not complete their assigned work. Similarly, completing paperwork and reports was necessary to understand job specifications, safety requirements, and to communicate production metrics.

34. As a result of Named Plaintiff and other similarly situated employees not being paid for the pre-shift work described above, they were not paid overtime compensation for all the hours they worked over 40 each workweek.

35. Defendant knowingly and willfully violated the FLSA and Illinois law by engaging in the above-mentioned violations.

36. Named Plaintiff and other similarly situated employees recorded all hours worked for Defendant, including the unpaid pre-shift work described above.

37. Defendant knowingly and intentionally rounded off and erased the time Named Plaintiff and other similarly situated employees spent engaged in pre-shift work, and instead paid Named Plaintiff and other similarly situated employees from their scheduled shift start time.

38. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and Illinois law yet showed reckless disregard for those requirements.

**Defendant's Recordkeeping Violations**

39. The FLSA and state law, including Illinois law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; 820 ILCS 105/8, § 8.

40. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

41. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

42. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

43. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

44. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and Illinois law.

## COLLECTIVE ACTION ALLEGATIONS

45. Named Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

46. The collective (FLSA Collective) which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send notice under the FLSA is defined as:

> **All current and former non-exempt hourly production employees of Defendant, including temporary employees as applicable, who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Collective Members").**

47. Named Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

49. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subject to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and one-half times their regular rates for all hours that exceeded 40 in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

50. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## ILLINOIS CLASS ACTION ALLEGATIONS

51. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Illinois, which are defined as:

> **All current and former non-exempt hourly production employees of Defendant in Illinois, including temporary employees as applicable, who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("Illinois Class" or "Illinois Class Members").**

52. The Illinois Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Illinois law.

53. There are questions of law or fact common to the Illinois Class Members including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated employees, for all hours worked, as well as all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's policy and practice of deducting, or causing to be deducted, 30 minutes per workday from employees' paid time for a meal break, even when employees did not take a meal break or their meal break was interrupted by work duties, and failing to pay employees for the compensable pre-shift work described herein.

54. The questions of law or fact that are common to the Illinois Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Class Members, listed above, are common to the Illinois Class Members as a whole, and predominate over any questions affecting only individual class members.

55. Named Plaintiff's claims are typical of the claims of other members of the Illinois Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Illinois Class.

56. Named Plaintiff and the Illinois Class Members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Illinois Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Illinois Class.

57. Named Plaintiff will fairly and adequately protect the interests of the Illinois Class Members. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other members of the Illinois Class.

58. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Illinois Class Members in this case.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the members of the Illinois Class to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they

would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

60. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

62. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

63. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members were not paid for all time worked because Defendant deducted a daily 30-minute meal period from Named Plaintiff's and the FLSA Collective Members' time worked even though Named Plaintiff and the FLSA Collective Members worked through their meal periods or were otherwise interrupted by work duties.

64. Named Plaintiff and the FLSA Collective Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the FLSA Collective Members for compensable work they performed after clocking in but prior to their shift start time.

65. Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

66. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

67. Defendant's practice and policy of deducting a 30-minute meal period even though Named Plaintiff and others similarly situated worked through their meal periods or were otherwise interrupted by work duties, and Defendant's practice and policy of not paying Named Plaintiff and others similarly situated for compensable pre-shift work performed after clocking in but prior to their shift start time resulted in Defendant's failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of 40 per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

68. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate of pay.

69. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

70. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

71. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Illinois Class – IMWL Violations)**

72. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Named Plaintiff brings this claim for violation of the IMWL, on behalf of himself and all members of the Illinois Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

74. Named Plaintiff and the Illinois Class Members were not paid for all time worked because Defendant deducted, or caused to be deducted, a daily 30-minute meal period from Named Plaintiff's and the Illinois Class Members' time worked even though Named Plaintiff and the Illinois Class Members worked through their meal periods or were otherwise interrupted by work duties.

75. Named Plaintiff and the Illinois Class Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the Illinois Class Members for compensable work they performed after clocking in but prior to their shift start time.

76. At all relevant times, Named Plaintiff and the Illinois Class Members regularly worked 40 or more hours per workweek for Defendant.

77. Defendant's practice and policy of deducting a 30-minute meal period even though Named Plaintiff and others similarly situated worked through their meal periods or were otherwise interrupted by work duties, and Defendant's practice and policy of not paying Named Plaintiff and others similarly situated for compensable pre-shift work performed after clocking in but prior to their shift start time resulted in Defendant's failure to pay Named Plaintiff and the Illinois Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of 40 per workweek, in violation of the IMWL, 820 ILCS 105/1, *et seq*.

78. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Illinois Class Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

79. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the IMWL.

80. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Illinois Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

81. As a result of Defendant's violations of the IMWL, Named Plaintiff and the Illinois Class Members were injured in that they did not receive all overtime compensation due to them pursuant to Illinois' wage and hour laws. They are entitled to an award of "treble the amount" of unpaid wages, plus an amount equal to five percent (5%) of unpaid wages per the month wages remain unpaid.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Illinois Class Members;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective Members, and the Illinois Class Members;

D. Award Named Plaintiff, the FLSA Collective Members, and the Illinois Class Members actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

F. Award Named Plaintiff and the Illinois Class Members, as liquidated damages, an amount equal to two-times (2x) the unpaid wages found due to Named Plaintiff and the Illinois Class Members, as well as 5% penalties per month that wages remain unpaid;

G. Award Named Plaintiff, the FLSA Collective Members, and the Illinois Class Members pre-judgment and/or post-judgment interest at the statutory rate;

H. Award Named Plaintiff, the FLSA Collective Members, and the Illinois Class Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Named Plaintiff, the FLSA Collective Members, and the Illinois Class Members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH 0086195)
Nicholas A. Boggs (OH 0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

Hans A. Nilges (OH 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

*General admission anticipated

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*